Shayla BUKULMEZ, Plaintiff-Appellant and Cross-Appellee,

v.

HERTZ CORPORATION, Defendant-Appellee and Cross-Appellant,

and

Blue Cross of Western New York and Blue Shield of Western New York, Intervenors-Appellees and Cross-Appellees.

No. 83CA0666.

Colorado Court of Appeals, Div. III.

April 25, 1985.

Rehearing Denied May 23, 1985.

Certiorari Granted Dec. 2, 1985.

Robert Dunlap, P.C., Robert Dunlap, Donald E. LaMora, Colorado Springs, for plaintiff-appellant and cross-appellee.

Anstine and Hill, Ronald C. Hill, Denver, for defendant-appellee and cross-appellant.

Spurgeon, Haney & Howbert, P.C., Terence P. Fagan, Colorado Springs, for intervenors-appellees and cross-appellees.

BERMAN, Judge.

Plaintiff, Shayla Bukulmez, appeals the trial court determination that intervenor, Blue Cross of Western New York and Blue Shield of Western New York (Blue Cross), is entitled to reimbursement from defendant, Hertz Corporation (Hertz), for medical expenses paid by Blue Cross on behalf of the plaintiff. Hertz cross-appeals the trial court conclusion that Hertz is responsible for payment to plaintiff of "no-fault" personal injury protection (PIP) benefits. We affirm in part and reverse in part.

The facts are undisputed. On August 28, 1980, Hertz, a Delaware corporation qualified to do business in Colorado, rented an automobile to James E. Hannon, Sr., who on September 1, 1980, permitted his 18-year-old son, James E. Hannon, Jr., to operate the automobile while plaintiff was riding with him as a passenger. Hannon, Jr., and plaintiff were involved in an accident in which plaintiff was seriously injured. Hannon, Jr., should not have been operating the car under the rental agreement between Hertz and Hannon, Sr.

Plaintiff incurred medical expenses in excess of $25,000, $23,825.57 of which was paid by Blue Cross pursuant to a policy issued to plaintiff's mother in New York. Blue Cross is a New York non-profit health services corporation not qualified to do business in Colorado.

Plaintiff, relying on the Colorado Auto Accident Reparations Act, § 10–4–701, C.R.S., et seq., filed suit against Hertz for payment of her medical expenses. Hertz filed a separate declaratory judgment action seeking a declaration that it was not required to pay no-fault PIP benefits to plaintiff. The two actions were consolidated. Plaintiff moved for summary judgment, and Hertz, in its answer, asked that plaintiff's complaint be dismissed. The trial court denied Hertz' motion but granted plaintiff's motion for summary judgment, holding that the breach by Hannon, Sr., of the written contract, which prohibited the operation of the rental car by anyone under the age of 21 years, could not bar the protection afforded plaintiff under the Colorado no-fault statute.

Blue Cross then intervened seeking subrogation of plaintiff's judgment against Hertz to the extent of the medical expenses it had paid on behalf of plaintiff.

After a hearing before the court on October 25, 1982, the trial court entered judgment denying Blue Cross' claim for subrogation and granting plaintiff reasonable attorney fees pursuant to § 10–4–708, C.R.S.

Blue Cross then filed a motion for reconsideration, attaching an affidavit of the secretary and corporate counsel of Blue Cross which set forth the New York law and insurance regulations covering coordination of automobile no-fault benefits. This information had not been presented at the October hearing. The court accepted the affidavit as describing the applicable New York law, and then, applying the laws of that state, entered judgment on March 11, 1983, in favor of Blue Cross against Hertz for the cost of medical care provided plaintiff by Blue Cross. The court affirmed its earlier ruling for plaintiff against Hertz for no-fault insurance coverage, allowing

Hertz a set-off to the extent of the amounts to be paid directly to Blue Cross.

On May 3, 1983, the trial court entered an amended judgment making more specific its March judgment, holding Hertz liable to plaintiff for payment of her hospital and medical expenses up to the statutory limit of $25,000. *See* § 10–4–706(1)(b), C.R.S. Hertz was further ordered to pay Blue Cross $23,825.57 of this $25,000 liability as reimbursement for payments it had paid to plaintiff under a health benefit policy, with the remaining $1,174.43 plus 18% interest to be paid to plaintiff. Plaintiff was also granted attorney fees in the amount of $4,000 pursuant to § 10–4–708, C.R.S. This appeal followed.

### I.

We first address Hertz' contention that it is not responsible to plaintiff for no-fault PIP benefits under § 10–4–706(1)(b), C.R.S., because Hannon, Jr., was operating the rental car in violation of the rental agreement between Hertz and Hannon, Sr.

■ Resolution of this issue requires an analysis of the pertinent provisions of the Auto Accident Reparations Act (Act). The legislative purpose in adopting the Act is to avoid inadequate compensation to victims of automobile accidents, and to require motor vehicle owners to purchase insurance policies which provide coverage for liability and no-fault benefits. *Meyer v. State Farm Mutual Automobile Insurance Co.,* 689 P.2d 585 (Colo.1984); *see* § 10–4–702, C.R.S.

To accomplish its objective, the Act requires every owner of a motor vehicle who operates or knowingly permits its operation on the public highways of this state to have a policy which includes minimum coverage of $25,000 for medical expenses incurred by any single accident victim. *See* § 10–4–705 and § 10–4–706(1)(b), C.R.S. These personal injury protection (PIP) benefits are payable "without regard to fault," § 10–4–706(1)(b), C.R.S., and extend to per-sons occupying the covered vehicle with the consent of the insured. Section 10–4–707(1)(c), C.R.S.

■ Hertz contends that the breach by Hannon, Sr., of the rental car agreement relieved it from providing no-fault coverage where such coverage was conditioned on compliance with the rental contract. However, clauses in an insurance contract which attempt to dilute, condition, or limit statutorily mandated coverage are invalid or void. *Meyer v. State Farm Mutual Automobile Insurance Co., supra.* Hence, if plaintiff is a person for whom coverage is provided under the Act, Hertz cannot limit its statutory obligation by a contractual provision in the policy. *See Marquez v. Prudential Property & Casualty Insurance Co.,* 620 P.2d 29 (Colo. 1980).

Hertz argues that it did not knowingly permit its rental vehicle to be operated on public highways by Hannon, Jr., and thus, contends it had no obligation to provide no-fault coverage to the plaintiff, who was injured while Hannon, Jr., was driving. We do not agree with Hertz' narrow interpretation of the pertinent statute, § 10–4–705(1), C.R.S.

■ The Act is to be liberally construed in order to further its remedial and beneficent purposes. *Travelers Indemnity Co. v. Barnes,* 191 Colo. 278, 552 P.2d 300 (1976). We do not construe § 10–4–705 to require that the owner have knowledge and give permission to each individual who will be driving the car on public roads before coverage under the Act becomes compulsory. Rather, once the owner has knowledge that the car will be driven on public highways and gives permission for it to be so driven, coverage is required under the Act, unless the exclusions of § 10–4–712, C.R.S., apply.

■ Here, plaintiff was occupying the insured rental car with the consent of Hannon, Sr., an insured under the rental agree-

ment with Hertz. *See* § 10–4–707(1)(c), C.R.S. Hertz did not argue to the trial court, nor does it argue here, that the statutory conditions and exclusions from coverage applied, and the Hertz' claims manager admitted that Hertz did not consider Hannon, Jr., a converter without a good faith belief that he was legally entitled to operate or use the rental car. *See* § 10–4–712(2)(b), C.R.S.

Moreover, the rental agreement contains a provision which recognizes the possibility that Hertz may be required to pay benefits to an individual not specifically insured under the lease. It provides:

> "In the event coverage is imposed by operation of law, to the benefit of any person *other than the Customer or any Authorized Operator* described herein, then the limits shall be the minimum requirements of the Financial Responsibility Law or *other applicable statute* of the state ... in which the accident occurred." (emphasis supplied)

█ In summary, we hold that Hertz, by leasing the car to Hannon, Sr., knowingly permitted its operation on the public highways of this state and is therefore required to pay PIP no-fault benefits to plaintiff; and that the rental agreement, to the extent it attempts to limit coverage made compulsory by the Act, is invalid.

## II.

Having determined that Hertz is responsible to plaintiff for no-fault PIP benefits pursuant to § 10–4–706(1)(b), we now address plaintiff's contention that these benefits should be paid to her rather than to Blue Cross. We agree with plaintiff that the court erred in entering judgment against Hertz and in favor of Blue Cross on the amount paid by Blue Cross pursuant to the medical insurance policy issued to plaintiff's mother.

We note initially that Blue Cross sought and was granted permission to intervene in this proceeding and, therefore, subjected itself to the jurisdiction of the Colorado courts.

As previously noted, Blue Cross in its motion for reconsideration attached an affidavit of the secretary and corporate counsel of Blue Cross which set forth the New York law and insurance regulations covering coordination of automobile no-fault benefits. Plaintiff objected to the admission of this affidavit, and argues on appeal that the October 25, 1982, hearing was a trial, and hence, the affidavit, which was introduced after trial, was inadmissible and should not have been considered by the court. Blue Cross, on the other hand, claims that the October hearing was a summary judgment proceeding and that the trial court had discretion to accept the supplemental affidavit. The trial court, in its amended judgment, accepted the affidavit and the exhibits attached thereto as describing the applicable New York law.

Upon a review of the record, we conclude that the October 25, 1982, proceeding was initially a motion for judgment on the pleadings, but the introduction of matters outside the pleadings, including the testimony of Hertz' claim manager, converted the proceeding to one of summary judgment governed by C.R.C.P. 56. *See* C.R. C.P. 12(c).

█ We do not interpret C.R.C.P. 56 to permit supplemental affidavits to be introduced after the court has entered a summary judgment.

█ Here, on the pleadings and evidence presented at the October 25, 1982, hearing, judgment was entered against Blue Cross on its claim for subrogation. Blue Cross cannot, after such an adverse ruling, seek to introduce evidence by means of a supplemental affidavit which should have been produced prior to the entry of summary judgment. Thus, the New York law, which was presented in the affidavit, was not properly before the trial court, and it was error for the court to consider it in rendering judgment.

Furthermore, even if we were to assume that the October 25 proceeding was in fact a trial, we would still conclude that the trial court erred in accepting the affidavit.

█ A new trial may be granted for any of the grounds set forth in C.R.C.P.

59(a). None of the enumerated grounds, however, are present in the instant case. Blue Cross, in its motion for reconsideration, sets forth as grounds, "new evidence and additional authority and argument." One prerequisite to sustain a motion for new trial on the grounds of newly discovered evidence requires that the evidence could not have been discovered in the exercise of reasonable diligence and produced at trial. *Kennedy v. Bailey*, 169 Colo. 43, 453 P.2d 808 (1969); *see* C.R.C.P. 59(a)(4). Here, the affidavit does not contain any information which, with reasonable diligence, could not have been discovered and produced at the October 25, 1982, trial.

Therefore, that portion of the judgment granting Blue Cross $23,825.57 from Hertz pursuant to § 10–4–706(1)(b), C.R.S., is reversed, and the cause is remanded with directions to enter judgment in favor of plaintiff and against Hertz in the amount of $25,000 plus 18% interest per annum on that amount from February 7, 1981. *See* § 10–4–708(1), C.R.S. In all other respects, the judgment is affirmed.

BABCOCK and METZGER, JJ., concur.