Ward C. **WINSCOM, Plaintiff–Appellee,**

v.

**Veronica GARZA, Defendant,**

**and Concerning Allstate Insurance Company, Garnishee–Appellant.**

**No. 91CA1458.**

Colorado Court of Appeals, Div. IV.

Oct. 22, 1992.

Rehearing Denied Nov. 27, 1992.

Wood, Ris & Hames, P.C., Mark L. Driver, Denver, for plaintiff-appellee.

Zupkus & Ayd, P.C., Robert A. Zupkus, Greg Van Der Wey, Denver, for garnishee-appellant.

Opinion by Judge TURSI.

Garnishee, Allstate Insurance Company, appeals the order of garnishment entered by the trial court against it and in favor of plaintiff, Ward C. Winscom. We reverse.

Veronica Garza borrowed her parent's vehicle, which was insured by Allstate. Defendant Reynaldo Batalla, Veronica's boyfriend, was forbidden from driving the car. He, nevertheless, drove the vehicle, ran a stop sign, collided with plaintiff's vehicle, and caused $33,357.57 in damages. Default judgment was entered against Batalla in plaintiff's favor.

Plaintiff also asserted a claim of negligent entrustment against Veronica Garza. The trial court entered summary judgment against plaintiff on his claim by finding that Batalla did not have permission to use the vehicle and that Veronica did not know

of Batalla's use of the vehicle on the day of the accident. That judgment was affirmed in *Winscom v. Garza* (Colo.App. No. 91CA0602, June 4, 1992) (not selected for official publication).

Based on the default judgment entered against Batalla, plaintiff served a writ of garnishment on Allstate to collect the proceeds of the insurance policy. Allstate denied coverage, contending that Batalla is excluded from coverage as a non-permissive user of the vehicle.

The trial court conducted a hearing on this issue and entered an order in which it construed Allstate's permissive use exclusion to be in violation of the public policy enunciated in the Colorado Auto Accident Reparations Act, § 10–4–701, et seq., C.R.S. (1992 Cum.Supp.) (the No–Fault Act). It therefore ordered Allstate to provide coverage for the loss.

### I.

Allstate first contends that the trial court erred by holding that the permissive use clause in its insurance policy is unenforceable and void against public policy. We agree.

■ Our primary task in construing a statute is to give effect to the intent of the General Assembly. When determining legislative intent, we must look to the language of the statute itself and give effect to statutory terms in accordance with their commonly accepted meaning. If the statutory language is plain and unambiguous, we need not resort to interpretive rules and statutory construction. *Jones v. Cox*, 828 P.2d 218 (Colo.1992).

Under the No–Fault Act, all registrants of motor vehicles are required to be insured, § 10–4–705, C.R.S. (1987 Repl. Vol. 4A), and the insurer possesses the duty to pay all medical expenses which an insured incurs by reason of an accident, regardless of who bears responsibility as the tortfeasor. *Jones v. Cox, supra.*

■ Insurance policy provisions which attempt to dilute, restrict, or condition coverages required by the No Fault Act are void and invalid. *Meyer v. State Farm*

*Mutual Automobile Insurance Co.*, 689 P.2d 585 (Colo.1984); *Murphy v. Dairyland Insurance Co.*, 747 P.2d 691 (Colo. App.1987). However, insurers may exclude risks or limit coverage so long as public policy is not violated. *Chacon v. American Family Mutual Insurance Co.*, 788 P.2d 748 (Colo.1990).

■ The statutory classification of persons to whom this coverage must be extended is codified at § 10–4–703(6), C.R.S. (1992 Cum.Supp.), which provides:

Insured means the named insured, relatives of the named insured who reside in the same household as the named insured, *or any person using the described motor vehicle with the permission of the named insured.* (emphasis supplied)

The plain import of this provision is that an insurer is not required to extend coverage to any person who uses the vehicle without the permission of the named insured.

Based on its policy, Allstate contends that Batalla is excluded from coverage as an insured since he was driving without permission from the owners of the vehicle. The insurance provision defining "insureds" upon which Allstate relies provides that:

The following persons are insured under this part

. . . .

3. Any other person with respect to the owned automobile, provided the use thereof is with the permission of the named insured and within the scope of such permission.

■ This permissive use exclusion does not violate the No Fault Act because it does not limit the compulsory classification of insureds to whom Allstate is obligated to provide coverage. Therefore, it constitutes a valid exclusion by which a non-permissive user of a vehicle is exempt from coverage as an insured pursuant to the Act. *See Trinity Universal Insurance Co. v. Hall*, 690 P.2d 227 (Colo.1984).

Our conclusion that the No–Fault Act does not invalidate the permissive use exclusion of the policy is buttressed by the fact that the Act became effective after our supreme court had recognized the right of an insurer to exclude non-permissive users of a motor vehicle from coverage. *See Ewing v. Colorado Farm Mutual Casualty Co.*, 133 Colo. 447, 296 P.2d 1040 (1956); *Royal Indemnity Co. v. Markley*, 116 Colo. 84, 178 P.2d 672 (1947). Accordingly, we must presume that the General Assembly was aware of these decisions when enacting this legislation and chose not to abrogate the doctrine of permissive use so long as the minimum coverages required by the Act are provided to those who qualify as insureds. *See Schlessinger v. Schlessinger*, 796 P.2d 1385 (Colo.1990).

We also reject plaintiff's contention that *Bukulmez v. Hertz Corp.*, 710 P.2d 1117 (Colo.App.1985), *rev'd in part sub nom. Blue Cross v. Bukulmez*, 736 P.2d 834 (Colo.1987) is dispositive of this issue.

In *Bukulmez*, the insurer attempted to limit statutorily-mandated coverage by inserting a restrictive contract provision in its policy which conditioned coverage upon the insured's compliance with the policy. This court held that an insurer may not contractually limit its statutory obligation to provide coverage to an insured under the No–Fault Act.

Here, however, the insurer's permissive use exclusion does not impermissibly exclude or restrict the classification of insureds to whom it must extend compulsory coverage. To the contrary, the insurer's contract corresponds with the statutory classification of insureds to whom it must provide coverage.

## II.

Allstate also contends that the trial court erred by ordering it to provide coverage since the issue of Batalla's permissive use has been previously litigated. We agree.

Under the doctrine of *res judicata*, a final judgment on the merits is conclusive of the rights of the parties or their privies in all subsequent suits on matters determined in the former suit, and it bars relitigation of all issues decided or which could have been decided. *Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396 (1974); *Batterman v. Wells Fargo Ag Credit Corp.*, 802 P.2d 1112 (Colo.App.1990).

In the underlying tort action against Veronica Garza, the issue whether Batalla was a permissive user was fully and actually decided between the identical parties or their privies. In *Winscom v. Garza, supra*, we stated:

> [T]he record does not support an inference that defendant was aware of the fact that the driver intended to use the automobiles on that day. Further, we agree that plaintiffs failed to raise a genuine issue of fact from which a jury could find Batalla had been given permission to drive the vehicle prior to that time.

Plaintiff is, therefore, barred from relitigating this issue. And, because Allstate's mandatory coverage is conditioned upon Batalla's permissive use, we conclude that plaintiff is likewise estopped from seeking a determination of coverage. *See Bennett College v. United Bank*, 799 P.2d 364 (Colo.1990).

The judgment is reversed.

METZGER and PLANK, JJ., concur.