Carol McCONNELL, Plaintiff–Appellee,

v.

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,
Defendant–Appellant.

No. 93CA2188.

Colorado Court of Appeals,
Div. II.

Oct. 6, 1994.

Rehearing Denied Nov. 3, 1994.

Certiorari Granted May 8, 1995.

Norton Frickey & Associates, P.C., Dan O. Adkins, Colorado Springs, for plaintiff-appellee.

Law Offices of Taylor, McQuiston & McCune, John E. Taylor, Aurora, for defendant-appellant.

Opinion by Judge HUME.

St. Paul Fire and Marine Insurance Company (St. Paul) appeals the trial court's judgment awarding personal injury benefits to plaintiff, Carol McConnell, a passenger in a vehicle insured by St. Paul. We reverse and remand the cause for further proceedings.

St. Paul insured a vehicle owned by James Dart, who allowed his daughter Jean the primary use of the car. Jean Dart temporarily left the vehicle with Byron Brewer, but told Brewer not to use it, as her father had specifically instructed her that Brewer

should not be allowed to drive the vehicle. Brewer had no driver's license and further knew he did not have permission to use the car, but nevertheless offered to drive plaintiff to visit a friend. Brewer lost control of the vehicle, and plaintiff was injured. Plaintiff was unaware Brewer did not own the vehicle or have authority to use it.

Plaintiff brought this action for personal injury protection (PIP) benefits against St. Paul. Upon cross-motions for summary judgment, the trial court concluded that the Colorado Auto Accident Reparations Act, § 10–4–701, et seq., C.R.S. (1994 Repl.Vol. 4A) (No–Fault Act) extended coverage to plaintiff under St. Paul's insurance policy issued to James Dart. In so holding, the court determined that an injured passenger who believed in good faith that the driver had permission or authority to operate the vehicle is a statutory insured entitled to coverage.

■ St. Paul argues that, inasmuch as Brewer in fact was without authority to operate the vehicle and could not consequently grant plaintiff permission to occupy it as a passenger for purposes of insurability, plaintiff's good faith belief as to Brewer's permission or authority to operate the vehicle is irrelevant. We agree.

The issue presented is whether the insurer of a motor vehicle driven without the owner's consent is obligated to pay benefits under the No–Fault Act to an injured passenger who had no knowledge of the owner's lack of consent. We conclude that the insurer has no such obligation.

■ Under the No–Fault Act, all registrants of motor vehicles are required to be insured and to obtain the statutory required coverage. *See* §§ 10–4–705 and 10–4–706, C.R.S. (1994 Repl.Vol. 4A). Required coverage shall be applicable to "accidental bodily injury arising out of accidents occurring within the state sustained by [a] person while occupying the described motor vehicle with the consent of the insured...." Section 10–4–707(1)(c), C.R.S. (1994 Repl.Vol. 4A).

■ The No–Fault Act defines "insured" as "the named insured, relatives of the named insured who reside in the same house-

hold ... or any person using the described motor vehicle with the permission of the named insured." Section 10–4–703(6), C.R.S. (1994 Repl.Vol. 4A). The plain import of this latter provision is that an insurer is not required to extend coverage to any person who uses the vehicle without permission of an "insured" person as defined in the No–Fault Act. *Winscom v. Garza,* 843 P.2d 126 (Colo.App.1992).

■ An owner is not required to have knowledge of and grant permission to each individual who may drive or occupy the car before coverage under the No–Fault Act is compulsory. Once the owner has knowledge that the car will be driven on the public ways and gives permission for it to be so operated, coverage is then required under the No–Fault Act, unless a valid exclusion applies. *Bukulmez v. Hertz Corp.,* 710 P.2d 1117 (Colo.App.1985), *rev'd in part sub nom. Blue Cross v. Bukulmez,* 736 P.2d 834 (Colo.1987).

■ However, the general permission given by a named insured to another to use an automobile does not convey authority to the permittee to allow a second person independent use of the automobile, and if a permittee extends that use beyond the scope of the permission given, then, as to such use, the permittee will not be held to be an additional insured. *Ewing v. Colorado Farm Mutual Casualty Co.,* 133 Colo. 447, 296 P.2d 1040 (1956). Further, the No–Fault Act does not invalidate permissive user exclusions, and an insurer may, accordingly, deny coverage to non-permissive users of a motor vehicle. *Winscom v. Garza, supra.*

Section 10–4–712(2)(b), C.R.S. (1994 Repl. Vol. 4A) allows coverage to be excluded if the injured person is operating a motor vehicle as a converter or without a good faith belief that he or she is legally entitled to use the vehicle.

Here, there is no question that Brewer is so excluded. However, the fact that plaintiff was not the operator of the insured automobile is not dispositive of the question of her entitlement to benefits under a policy governed by the No–Fault Act.

■ Although one of the stated purposes of the No–Fault Act is to avoid inadequate compensation to victims of automobile accidents, *see* § 10–4–702, C.R.S. (1994 Repl.Vol. 4A), the General Assembly plainly did not intend the category of persons entitled to PIP benefits to be unlimited. By virtue of the provisions of § 10–4–707, C.R.S. (1994 Repl.Vol. 4A), the General Assembly has limited this category, *see Murphy v. Dairyland Insurance Co.*, 747 P.2d 691 (Colo.App.1987), and such a limitation is within the legislative prerogative. *Budget Rent–A–Car Corp. v. Martin*, 855 P.2d 1377 (Colo.1993).

Under the plain language of § 10–4–707(1)(c), C.R.S. (1994 Repl.Vol. 4A), plaintiff did not sustain bodily injury while occupying the vehicle either with the consent of the insured or the consent of the insured's permittee; thus, she is not eligible for PIP benefits. *See Budget Rent–A–Car Corp. v. Martin, supra* (unambiguous statutory language must be applied according to its terms).

Unlike the situation in *Bukulmez v. Hertz Corp., supra*, Brewer, the driver of the insured automobile, had no authority whatsoever to operate the vehicle. Therefore, since plaintiff's eligibility for benefits is conditioned upon such consent, *see Ewing v. Colorado Farm Mutual Casualty Co., supra*, we conclude that she cannot derive eligibility for benefits from Brewer's unauthorized and expressly forbidden use of the automobile. *See Winscom v. Garza, supra*.

The judgment is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

PLANK and ROY, JJ., concur.