**Richard L. WIGLESWORTH and Eric J. Pierce, Petitioners,**

v.

**FARMERS INSURANCE EXCHANGE and Truck Insurance Exchange, Respondents.**

No. 95SC73.

Supreme Court of Colorado, En Banc.

May 28, 1996.

Rehearing Denied June 17, 1996.

Jean E. Dubofsky, P.C., Jean E. Dubofsky, Boulder, for Petitioners.

McDermott and Hansen, Gerald P. McDermott, Denver, for Petitioner Richard L. Wiglesworth.

Purvis, Gray, Schuetzke & Gordon, William R. Gray, Glen F. Gordon, Boulder, for Petitioner Eric J. Pierce.

Anderson, Campbell and Laugesen, P.C., Franklin D. Patterson, Yvonne M. Kreye, Dwianne S. Ladendorf, Denver, for Respondents.

Chief Justice VOLLACK delivered the Opinion of the Court.

We granted certiorari to review the decision of the court of appeals in *Farmers Insurance Exchange v. Wiglesworth*, 903 P.2d 659 (Colo.App.1994), which held, *inter alia*, that whether the driver of a vehicle is a "permissive driver" for insurance coverage purposes depends on the factual circumstances of each case. We reverse the court of appeals and remand for reinstatement of the judgment.

## I.

In May of 1989, petitioner Richard L. Wiglesworth (Wiglesworth) lived at the home of Gary and Marsha Smith (the Smiths). The Smiths provided Wiglesworth with a set of keys to their truck, and gave him permission to use the truck for the purpose of driving to work. The Smiths did not require Wiglesworth to ask for permission each time he took the truck to go to work. The Smiths also allowed Wiglesworth to use the truck for purposes other than work, provided he ask for permission each time. The respondents, Farmers Insurance Exchange and Truck Insurance Exchange (the insurers) insured the Smiths' truck under separate insurance policies (the policies).

On May 26, 1989, Wiglesworth left the Smiths' home in the truck under the auspices of going to work. Instead, Wiglesworth drove to a different location. At that location, Wiglesworth participated in a "drag race" with another vehicle in which petitioner Eric J. Pierce (Pierce) was a passenger. As a result of the drag race the other vehicle ran a red light and collided with a truck. Pierce sustained severe injuries in the accident.

Pierce subsequently filed suit in the Boulder County District Court against Wiglesworth and other individuals. The jury awarded Pierce $200,000 for non-economic damages, $325,000 for permanent impairment, and $600,000 for economic losses, for a total award of $1,125,000. After the trial court entered judgment against Wiglesworth, the insurers filed a declaratory judgment action against Wiglesworth and Pierce in order to ascertain whether the policies covered Wiglesworth at the time of the accident.

The trial court granted summary judgment in favor of Wiglesworth and Pierce, holding that Wiglesworth was insured under the policies. The trial court stated that, because the Smiths gave Wiglesworth initial permission to use the truck to drive to and from work, the policies covered Wiglesworth.

On appeal, the court of appeals held that the initial permission given Wiglesworth by the Smiths was not sufficient to render Wiglesworth a permissive user of the truck at the time of the accident as required by the policies for coverage. The court stated that,

in determining whether Wiglesworth had a reasonable belief that he had "permission" to use the vehicle under the Farmer's policy and was "entitled" to use the vehicle under the Truck policy, the trial court should examine the express and implied terms of any contract or agreement between the Smiths and Wiglesworth, as well as any other relevant circumstances including, but not limited to, the historical use allowed, the scope of permission given, and the use by Wiglesworth at the time the accident occurred.

*Farmers Ins. Exch. v. Wiglesworth*, 903 P.2d at 663. The court of appeals therefore reversed the trial court's entry of summary judgment and remanded the case to the trial court for a determination of whether Wiglesworth reasonably believed that he had permission to operate the Smiths' truck at the time of the accident.

## II.

The petitioner argues that the court of appeals erred by declining to follow the initial permission rule to determine whether a driver is a permissive user of a vehicle for insurance coverage purposes. The respondents maintain that the initial permission rule is not the law in Colorado and is contrary to the provisions of the Colorado Auto Accident Reparations Act. We agree with the petitioner.

The Colorado Auto Accident Reparations Act (the Act) defines the insured as "the named insured, relatives of the named insured who reside in the same household as the named insured, or any person using the described motor vehicle with the permission of the named insured." § 10–4–703(6), 4A C.R.S. (1994). The Act further requires that "[e]very owner of a motor vehicle ... who knowingly permits the operation of [a] motor vehicle on the public highways of this state" obtain an insurance policy covering that vehicle. § 10–4–705(1), 4A C.R.S. (1994).

The Farmers Insurance Exchange policy (the Farmers policy) defines "insured person" as "any person using [the] insured car." The Farmers policy further provides that "[i]nsured person does not mean ... [a]ny person who uses a vehicle without having sufficient reason to believe that the use is with permission of the owner." Similarly, the Truck Insurance Exchange policy (the Truck policy) defines an insured as "a person using an auto ... with the reasonable belief that the person is so entitled."

■ The issue before us, therefore, is whether the coverage for permissive drivers provided by the policies is narrower than that required by the Act. To make this determination, we must ascertain the meaning of the phrases "with the permission of the named insured" and "knowingly permits" in the Act. If the definition of permissive user in the policies is more restrictive than

the language of the Act, the policies must be interpreted in accord with the Act, as clauses in an insurance contract which attempt to dilute, condition, or limit statutorily mandated coverage are invalid or void. *Terranova v. State Farm Mut. Auto. Ins. Co.,* 800 P.2d 58, 60 (Colo.1990). We further note the remedial underlying policy expressed by the General Assembly in adopting the Act. In this regard, section 10–4–702, 4A C.R.S. (1994) states:

> Legislative Declaration. The general assembly declares that its purpose in enacting this part 7 is *to avoid inadequate compensation to victims of automobile accidents;* to require registrants of motor vehicles in this state to procure insurance covering legal liability arising out of ownership or use of such vehicles and also providing benefits to persons occupying such vehicles and to persons injured in accidents involving such vehicles.

(Emphasis added.)

 The petitioner argues that, in interpreting the Act, this court should adopt the "initial permission" rule. This rule states that,

> if the original taking [of the vehicle] was with the insured's consent, every act subsequent thereto while the [borrower] is driving the car is held to be within the insured's permission in order to permit a recovery under the [policy].

*Universal Underwriters Ins. Co. v. Taylor,* 185 W.Va. 606, 408 S.E.2d 358, 361 (1991). Under this rule, once the owner of the vehicle expressly or impliedly gives the driver permission to operate the vehicle, subsequent changes in the character or scope of the use do not require additional, specific consent. *Norton v. Lewis,* 623 So.2d 874, 875 (La. 1993). Coverage is precluded only where the deviation from the permitted use rises to the level of theft or conversion. *Id.*

The petitioner further maintains that the Colorado Court of Appeals adopted the initial permission rule in *Bukulmez v. Hertz Corp.,* 710 P.2d 1117, 1120–21, *rev'd on other grounds sub nom. Blue Cross of W. New York v. Bukulmez,* 736 P.2d 834 (Colo.1987). In *Bukulmez,* James E. Hannon, Sr. (Han-

non), rented a vehicle from Hertz Corporation (Hertz). Hannon then permitted his son to operate the vehicle in violation of the rental contract between Hertz and Hannon. Hannon's son was subsequently involved in an accident, injuring a passenger in the car.

The passenger brought an action against Hertz for payment of her medical expenses. Hertz then filed a declaratory judgment action seeking a declaration that it was not liable to the passenger for her damages. The trial judge granted summary judgment in favor of the passenger in the declaratory judgment action, holding that the rental agreement between Hannon and Hertz could not preclude the protection afforded the passenger by the Colorado Auto Accident Reparations Act.

The court of appeals affirmed, holding:

> We do not construe [the Act] to require that the owner have knowledge and give permission to each individual who will be driving the car on public roads before coverage under the Act becomes compulsory. Rather, once the owner has knowledge that the car will be driven on public highways and gives permission for it to be so driven, coverage is required under the Act. . . .

*Id.* at 1120. The court thus held that the initial permission provided by Hertz to Hannon triggered coverage under the Act.

The initial permission rule enunciated in *Bukulmez* is sound and must be applied in the instant case. To hold otherwise would require trial courts to make factual determinations on a case-by-case basis regarding the belief of the driver that he had permission to operate the vehicle. Such a subjective inquiry would have the effect of creating a proliferation of litigation with inconsistent results. Furthermore, adoption of the initial permission rule will further the remedial policy underlying the Act, namely, to avoid inadequate compensation to accident victims. *McConnell v. St. Paul Fire & Marine Ins.,* 906 P.2d 109, 113 (Colo.1995). We also note that numerous other jurisdictions that have

292

considered this issue have adopted the initial permission rule.[1]

We do not believe that *Winscom v. Garza*, 843 P.2d 126 (Colo.App.1992), cited by the court of appeals, requires a different result. In that case, the court of appeals held that permissive use exclusions in automobile insurance policies are not prohibited by the provisions of the Colorado Auto Accident Reparations Act. *Id.* at 128–29. *Winscom* is distinguishable from the instant case because, in *Winscom*, the issue was whether permissive use exclusions violate the Act, whereas here the issue is the definition of permission itself in the language of the Act and whether the specific permissive use exclusions at issue pass muster under that definition. There is no contention in the instant case that permissive use exclusions in insurance policies are prohibited generally. Our holding goes only to the interpretation of the terms "permission" and "knowingly permits" in the Act and the propriety of the permissive use exclusions before us pursuant to our interpretation of those terms.

■ Applying these principles to the case at bar, we interpret the Act to state that all that is required to confer coverage on the driver of the vehicle is initial permission from the primary insured to use the vehicle. We therefore must determine whether Wiglesworth had the Smiths' initial permission to use the truck. Because the record indicates that the Smiths gave Wiglesworth the keys to their truck and informed him that he could drive the truck to work without asking for further permission, we conclude that Wiglesworth had the initial permission to use the truck necessary to trigger the insurance protection required by the Act.

We thus reverse the decision of the court of appeals and remand for reinstatement of the judgment.

1. *Arnold v. State Farm Mut. Auto. Ins. Co.*, 260 F.2d 161, 165 (7th Cir.1958); *Commercial Union Ins. Co. v. Johnson*, 294 Ark. 444, 745 S.W.2d 589, 594 (1988); *Clark v. Hartford Accident & Indem. Co.*, 148 Conn. 15, 166 A.2d 713, 715–16 (1960); *Farm Bureau Mut. Ins. Co. of Idaho v. Hmelevsky*, 97 Idaho 46, 539 P.2d 598, 602 (1975); *Harry W. Kuhn, Inc. v. State Farm Mut. Auto. Ins. Co.*, 201 Ill.App.3d 395, 147 Ill.Dec. 45, 49, 559 N.E.2d 45, 49 (1990); *Norton v. Lewis*, 623 So.2d 874, 875 (La.1993); *Milbank Mut. Ins. Co. v. U.S. Fidelity & Guar. Co.*, 332 N.W.2d 160, 166 (Minn.1983); *Horace Mann Ins. v. Hampton*, 235 Mont. 354, 767 P.2d 343, 345 (1989); *Arndt v. Davis*, 183 Neb. 726, 163 N.W.2d 886, 889 (1969); *United States Fidelity & Guar. Co. v. Fisher*, 88 Nev. 155, 494 P.2d 549, 550 (1972); *Government Employees Ins. Co. v. Johnson*, 118 N.H. 899, 396 A.2d 331, 333 (1978); *Small v. Schuncke*, 42 N.J. 407, 201 A.2d 56, 58 (1964); *Allstate Ins. Co. v. Jensen*, 109 N.M. 584, 788 P.2d 340, 343 (1990); *Universal Underwriters Ins. Co. v. Taylor*, 185 W.Va. 606, 408 S.E.2d 358, 361 (1991).