962 P.2d 310 (1997)
Kurt CHRISTIAN and Anne Dicken, Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois company, Defendant-Appellee.
No. 96CA2157.
Colorado Court of Appeals, Div. I.
December 26, 1997.
Rehearing Denied February 5, 1998.
Certiorari Denied August 31, 1998.
*311 Richard K. Blundell, Greeley, for Plaintiffs-Appellants.
Rodman & Ross-Shannon, David L. Murphy, Denver, for Defendant-Appellee.
Opinion by Judge TAUBMAN.
In this action for breach of an insurance contract, bad faith breach of an insurance contract, and outrageous conduct, plaintiffs, Kurt Christian and Anne Dicken, appeal from a summary judgment granted in favor of defendant, State Farm Mutual Automobile Insurance Co. (State Farm). We affirm.
In 1987, Christian attended an office Christmas party and became intoxicated. When he left, instead of getting into his own vehicle, a 1976 Chevrolet pickup truck, he drove off in a 1988 Chevrolet pickup truck owned by Green Bit & Tool, Inc. (Green Bit) without the consent of the driver of that pickup. The driver, an employee of Green Bit, was making a delivery at the time and had left the keys to his employer's truck in the ignition. Shortly thereafter, Christian was involved in an accident with Dicken, who sustained injuries.
In prior litigation, Dicken obtained a default judgment against Christian, who subsequently sought liability coverage for the accident under a policy issued by State Farm on his own truck. State Farm denied coverage, asserting that the policy excluded coverage for accidents involving non-owned vehicles driven without the permission of the owner. Christian and Dicken then joined in instituting this action against State Farm.
Plaintiffs assert that the district court erred in granting defendant's motion for summary judgment because there are disputed issues of fact as to State Farm's obligation to defend Christian and to provide benefits to Dicken. We disagree.
The policy in question provides in relevant part that: "The liability coverage extends to the use, by an insured, of a ... non-owned car." (emphasis in original) "Non-owned car" is defined in the policy as a car not:
1. owned by,
2. registered in the name of, or
3. furnished or available for the regular or frequent use of:
you, your spouse or any relatives.
The use has to be within the scope of consent of the owner or person in lawful possession of it.
(emphasis added)
Plaintiffs contend that this provision violates public policy by diluting coverage required by the Colorado Automobile Accident Reparations Act (No-fault Act), §§ 10-4-701, et seq., C.R.S.1997. Specifically, plaintiffs contend that State Farm must provide coverage for Christian if he had a good faith belief that he was legally entitled to operate or use the Green Bit truck. Plaintiffs further argue that because there is a disputed issue of material fact as to this issue, summary judgment is improper. We are not persuaded.
The purpose of the No-fault Act is to avoid inadequate compensation to victims of automobile accidents and to require Colorado registrants to procure automobile insurance coverage. Section 10-4-702, C.R.S. 1997. To effect its purpose, the No-fault Act requires every automobile owner to acquire a "complying policy" that provides the *312 amount of coverage mandated by the Act. Section 10-4-705, C.R.S.1997. Thus, the No-fault Act requires that all owners of motor vehicles obtain insurance, not necessarily that all drivers must be insured. See Scoggins v. Unigard Insurance Co., 869 P.2d 202 (Colo.1994).
An insurer may impose any terms and conditions consistent with public policy as it sees fit. Chacon v. American Family Mutual Insurance Co., 788 P.2d 748 (Colo. 1990). However, any terms or provisions of an insurance contract that attempt to dilute, condition, or limit statutorily mandated coverage violate public policy. See Terranova v. State Farm Mutual Automobile Insurance Co., 800 P.2d 58 (Colo.1990).
The No-fault Act includes two distinct types of insurance benefits, personal injury protection (PIP) coverage which is payable without regard to fault, and liability coverage. Scoggins v. Unigard Insurance Co., supra. PIP coverage is not at issue in this case.
While the No-fault Act was intended to avoid inadequate compensation to victims of automobile accidents, the General Assembly did not intend that the category of individuals covered under the Act would be unlimited. In fact, the General Assembly contemplated that insurers could design policies that efficiently and effectively provide coverage under the No-fault Act, as long as such policies do not dilute the coverage mandated by §§ 10-4-706 and 10-4-707, C.R.S.1997. McConnell v. St. Paul Fire & Marine Insurance Co., 906 P.2d 109 (Colo.1995); § 10-4-712(1), C.R.S.1997.
We find nothing in the Act that would require an insurer to provide liability coverage to a policy holder when driving a non-owned vehicle without the consent of the owner.
Plaintiffs' reliance on § 10-4-712(2), C.R.S. 1997, is misplaced. That section provides in relevant part that:
The coverages described in section 10-4-706 may also be subject to exclusions where the injured person:
....
(b) Is operating a motor vehicle as a converter without a good faith belief that he is legally entitled to operate or use such vehicle.
Contrary to plaintiffs' contention, liability coverage here is not contingent upon whether Christian had a good faith belief that he was operating his own vehicle. Section 10-4-712(2) does not provide that all individuals must be covered unless excluded. As the supreme court noted in McConnell v. Saint Paul Fire & Marine Insurance Co., supra, § 10-4-712(1), C.R.S.1997, authorizes insurers to subject the coverage described in § 10-4-706 to any conditions or exclusions that are not inconsistent with the No-Fault Act, and § 10-4-712(2) merely provides examples of permissible exclusions. Consequently, § 10-4-712(2) does not require that coverage must be provided to individuals operating a vehicle with a good faith belief that they are legally entitled to operate or use such vehicle.
Accordingly, we hold that, consistent with the No-Fault Act, an insurer may limit coverage to the use by an insured of a non-owned car, the use of which is within the scope of consent of the owner or person in lawful possession of it.
Thus, the insurance provision before us does not violate the No-fault Act. Consequently, under the facts at issue, policy coverage did not extend to Christian and plaintiffs' claims for relief were not sustainable.
The judgment is affirmed.
METZGER and PLANK, JJ., concur.