**METROPOLITAN CASUALTY
INSURANCE COMPANY,
Plaintiff–Appellant,**

v.

**HERTZ CORPORATION,
Defendant–Appellee.**

**No. 97CA0615.**

Colorado Court of Appeals,
Div. IV.

Feb. 19, 1998.

Rehearing Denied March 19, 1998.

Certiorari Granted Nov. 23, 1998.

Kane, Donley & Johnson, P.C., Jack E. Donley, Colorado Springs, for Plaintiff–Appellant.

Anstine, Hill, Richards & Simpson, Ronald C. Hill, Michael S. Simpson, Denver, for Defendant–Appellee.

Opinion by Chief Judge HUME.

In this declaratory judgment action to determine primary liability insurance coverage, plaintiff, Metropolitan Casualty Insurance Co. (Metropolitan), appeals from the summary judgment entered in favor of defendant, Hertz Corp. (Hertz). We affirm.

Micah Bachman rented a car from Hertz. As part of the rental agreement, Bachman rejected purchasing primary liability insurance coverage from Hertz for the rented car.

Bachman allowed Dale Rinkenberger to drive the Hertz vehicle, and Rinkenberger was involved in an accident. Rinkenberger had automotive liability coverage with Metropolitan, who provided coverage and a defense to Rinkenberger.

Metropolitan then filed this declaratory judgment action, seeking reimbursement

from Hertz for coverage and defense costs on a pro-rata basis. The parties' cross-motions for summary judgment raised two legal issues: whether Rinkenberger was a permissive user entitled to coverage under Hertz's self-insurance policy, and whether Hertz's rental agreement shifted primary liability coverage to Metropolitan. The district court entered judgment in favor of Hertz without specifying which argument it relied upon.

■ Metropolitan contends that Rinkenberger was a permissive user entitled to coverage by Hertz. We disagree.

The Hertz rental agreement provides the following:

Within the limits stated in this paragraph, Hertz will indemnify, hold harmless and defend you *and any authorized operators* FROM AND AGAINST LIABILITY TO THIRD PARTIES.... FOR BODILY INJURY INCLUDING DEATH AND PROPERTY DAMAGE. THE LIMITS OF THE PROTECTION, INCLUDING OWNERS LIABILITY, ARE *THE SAME AS THE MINIMUM LIMITS REQUIRED BY THE AUTOMOBILE FINANCIAL RESPONSIBILITY LAWS OF THE JURISDICTION IN WHICH THE ACCIDENT OCCURS* ... IF THE ACCIDENT RESULTS FROM THE USE OF THE CAR AS PERMITTED BY THE AGREEMENT. (emphasis added, capitalization in original)

The rental agreement also provides that Bachman may not, "PERMIT THE USE OF THE CAR BY ANYONE OTHER THAN AUTHORIZED OPERATOR [sic]." (capitalization in original) It is undisputed that Rinkenberger was not an authorized operator under the rental agreement.

Under the Colorado Automobile Accident Reparations Act (No–Fault Act), § 10–4–701, et seq., C.R.S.1997, all automobile owners are required to have an insurance policy providing, among other things, legal liability coverage for bodily injury arising out of the use of a motor vehicle to a limit of $25,000 per person, $50,000 per accident. Section 10–4–706(1)(a), C.R.S.1997.

■ While the purpose of the No–Fault Act is to avoid inadequate compensation to victims of automobile accidents, the General Assembly did not intend for the category of individuals covered under the Act to be unlimited. To that end, § 10–4–707(1)(c), C.R.S.1997, expressly limits the category of those who must be covered under the No–Fault Act to those who are using the covered vehicle with the permission of the insured, and insurers may limit coverage to those occupying a car with permission of the insured and refuse coverage to non-permissive users. *McConnell v. St. Paul Fire & Marine Insurance Co.*, 906 P.2d 109 (Colo.1995).

In *McConnell v. St. Paul Fire & Marine Insurance Co., supra,* the supreme court held that an insurance policy excluding personal injury protection (PIP) benefits to individuals occupying a vehicle that is driven by someone without permission from the insured is permissible under the No–Fault Act. There, an insured allowed his daughter to drive his car but expressly forbade her boyfriend from driving it. The boyfriend drove the car with a passenger who believed the boyfriend had permission to drive it and was involved in an accident. When the passenger sought PIP benefits under the insured's policy, the insurer declined coverage because the boyfriend was a non-permissive user.

Here, the Hertz rental agreement expressly forbade anyone but an authorized operator from driving the car, and Bachman agreed to this condition when he rented the car. Thus, Rinkenberger was a non-permissive driver, and Hertz is entitled to deny coverage for an accident arising out of Rinkenberger's use of the car.

We are not persuaded by Metropolitan's argument that *Bukulmez v. Hertz Corp.*, 710 P.2d 1117 (Colo.App.1985), *rev'd in part on other grounds sub nom. Blue Cross of Western New York v. Bukulmez*, 736 P.2d 834 (Colo.1987), is directly applicable to the case before us. In *Bukulmez*, Hertz sought to avoid paying PIP benefits to the plaintiff, who was an unauthorized driver, because his use violated the rental agreement. While the factual context of *Bukulmez* is similar to the facts now before us, the legal question raised in *Bukulmez* is not. There, Hertz did not argue that the plaintiff should be denied

coverage because he was a non-permissive driver, a critical distinction noted in *McConnell v. St. Paul Fire & Marine Insurance Co., supra,* and *Raitz v. State Farm Mutual Automobile Insurance Co.,* 944 P.2d 657 (Colo.App.1997) (cert. granted October 20, 1997).

Moreover, the supreme court has stated that the *Bukulmez* holding:

> certainly does not mean that if a named insured permits one person to use the vehicle, he or she thereby permits everyone to use the vehicle. Where a named insured expressly forbids an individual to use his or her car, we fail to see how permitting another to use the car would affect this prohibition.

*McConnell v. St. Paul Fire & Marine Insurance Co., supra,* 906 P.2d at 114. *See also Christian v. State Farm Mutual Automobile Insurance Co.,* 962 P.2d 310 (Colo.App.1997) (applying *McConnell* in a liability case).

Here, the rental agreement expressly prohibited an unauthorized driver from driving the car and, thus, barred Bachman from granting permission for any unauthorized person to drive the car. As a result, under the analysis set forth in *McConnell v. St. Paul Fire & Marine Insurance Co., supra,* we agree that Hertz may deny coverage to Rinkenberger without violating the No–Fault Act.

We are also not persuaded that the initial permission rule set forth in *Wiglesworth v. Farmers Insurance Exchange,* 917 P.2d 288 (Colo.1996) applies to this case. In *Wiglesworth,* the supreme court held that, once permission to drive a car has been given to a driver, any use of the car by the driver is statutorily covered, even if it is beyond the scope of the initial permission. However, nothing in *Wiglesworth* suggests that a permissive user can grant permission to other individuals to drive the car if the insured has expressly forbidden it. *Raitz v. State Farm Mutual Automobile Insurance Co., supra.* Indeed, *McConnell v. St. Paul Fire & Marine Insurance Co., supra,* holds the opposite.

Based on our resolution of this issue, we do not need to address Metropolitan's additional contention that the other insurance clauses in Hertz and Metropolitan's contracts are mutually repugnant.

The judgment is affirmed.

NEY and RULAND, JJ., concur.