F I L E D
United States Court of Appeals
Tenth Circuit

FEB 4 2004

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ALLSTATE INSURANCE
COMPANY,

      Plaintiff-Appellee,

v.

MURRAY MOTOR IMPORTS CO.
and AMERICAN HARDWARE
INSURANCE GROUP,

      Defendants-Appellants.

No. 02-1500

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. NO. 98-N-331 (MJW))

---

James R. Florey, Jr., Centennial, Colorado, for Defendants-Appellants.

Wendelyn K. Walberg of Walberg, Dagner & Tucker, P.C., Englewood, Colorado, for Plaintiff-Appellee.

---

Before **MURPHY**, **PORFILIO**, and **HARTZ**, Circuit Judges.

---

**HARTZ**, Circuit Judge.

Appellant Murray Motor Imports Co., an automobile dealership in Denver, Colorado, maintains a small fleet of "loaner" vehicles for the use of customers whose cars are being serviced by the dealership. On July 24, 1997, Lloyd K. Nelson, Murray Motor's service manager, drove a loaner vehicle off the lot when he left for the evening. After stopping at a local bar on the way home, Mr. Nelson collided with Daren Lay, causing damage to both vehicles.

This appeal concerns a dispute between two automobile-liability-insurance carriers regarding coverage for Mr. Nelson. Allstate Insurance Company issued a personal policy for Mr. Nelson. American Hardware Mutual Insurance issued a policy for Murray Motor. Under both policies, coverage of the Nelson-Lay accident depended on whether Mr. Nelson was a permissive user of the loaner vehicle.

We hold that under the Colorado initial-permission rule, Mr. Nelson was a permissive user. As a result, American Hardware was the primary insurer for the accident and was required to reimburse Allstate for its payments and expenses arising out of the accident. We reject the contention that some of those payments and expenses were unreasonable.

## I. BACKGROUND

Following Mr. Nelson's accident, both American Hardware and Allstate refused coverage for the accident on the basis that Mr. Nelson was not a

permissive user of the loaner vehicle. The American Hardware policy insured "[a]nyone . . . while using with [Murray Motor's] permission a covered 'auto'" owned by Murray Motor. The Allstate policy insured Mr. Nelson while using an automobile not owned by him but driven "with the owner's permission."

On February 12, 1998, Allstate brought this action in district court against Mr. Nelson, Mr. Lay, and Murray Motor, seeking a declaratory judgment that Allstate's policy did not provide coverage for Mr. Nelson's accident. It amended its complaint on August 14, 1998, to join American Hardware in the action and seek an additional declaration that even if the Allstate policy provided coverage, American Hardware was the primary carrier, absolving Allstate of responsibility.

After taking Mr. Murray's deposition, Allstate conceded coverage. In the deposition Mr. Murray acknowledged that Mr. Nelson was authorized to test drive loaner vehicles and that employees who test drove loaner vehicles did not need specific permission to test drive them home overnight. Allstate concluded that this testimony established Mr. Nelson as a permissive user under Colorado law.

Allstate proceeded to defend Mr. Nelson against a state-court lawsuit brought by Mr. Lay and settled the suit on Mr. Nelson's behalf. It also reimbursed Mr. Nelson for attorney fees incurred in defending both Mr. Lay's tort action and Allstate's declaratory-judgment action. Meanwhile, Allstate had sought arbitration through Arbitration Forums, an arbitration organization to

which Allstate and American Hardware both belong, to determine which of the two companies was primarily responsible for covering the accident. Arbitration Forums, however, withdrew the case from arbitration because its rules provide that arbitration should not go forward if it "could substantially prejudice other pending companion claims/suits." *See* Aplt. App. at 886–89. The companion claim of concern to Arbitration Forums was Mr. Nelson's cross-claim against American Hardware in this declaratory-judgment action.

Allstate then filed a motion for summary judgment that the American Hardware policy covered Mr. Nelson's accident, American Hardware's coverage was primary over Allstate's, and American Hardware must reimburse Allstate for payments and expenses incurred as a result of American Hardware's denial of coverage. In response, Murray Motor and American Hardware filed a Supplemental Affidavit from Mr. Murray contending that his deposition testimony had been taken out of context. Although not contesting that Mr. Nelson would have had permission to use the loaner vehicle at night for "business purposes" (implicitly including a test drive), the affidavit asserted that this was not Mr. Nelson's purpose on the night in question.

On September 25, 2001, the district court granted Allstate's motion. Regarding the amount owed by American Hardware, the district court concluded that Mr. Nelson and Allstate were entitled to "reasonable attorney fees

[Mr. Nelson] spent litigating his cross-claims for coverage under Murray Motor's American Hardware insurance policy," Aplt. App. at 528; "all reasonable attorney fees, costs, and settlements paid on behalf of Nelson in defending the state court lawsuit brought by Lay," *id.* at 529–30; and "reasonable attorney fees and costs incurred in the declaratory judgment action against American Hardware *after* Allstate began defending Nelson, the costs of defending Nelson in the Lay state court lawsuit, and the judgment paid in [that case]." *Id.* at 530. On October 22, 2002, the district court adopted a recommendation from a magistrate judge that American Hardware pay $163,738.79 to reimburse Allstate for those attorney fees and costs, and also attorney fees incurred by Mr. Nelson in the course of defending Allstate's declaratory-judgment action.

Murray Motor and American Hardware (Appellants) appeal the judgment in favor of Allstate. (We note, however, that the briefs do not address, nor does the record reveal, Murray Motor's interest in the appeal.) They challenge the determination that Mr. Nelson was a permissive user and the award of attorney fees and costs to Allstate. They do not dispute that American Hardware's coverage would be primary if Mr. Nelson was a permissive user. We affirm.

## II. DISCUSSION

### A. Timeliness of Appeal

As a preliminary matter, we address the timeliness of this appeal. Appellants in civil matters must file a notice of appeal within 30 days after entry

of the judgment or order from which they appeal. Fed R. App. P. 4(a)(1)(A).

Allstate argues that this appeal was not timely, because Appellants did not file

their notice of appeal until November 7, 2002, more than a year after summary

judgment was granted on September 5, 2001. But the time for appeal does not run

from the date of the summary judgment. Rather, under the version of Federal

Rule of Civil Procedure 58 then in effect, the time for appeal commenced upon

entry of a separate judgment, which did not occur until October 22, 2002. Thus,

the time for appeal did not begin to run until 16 days before the notice of appeal

was filed. The notice of appeal was timely, and we have jurisdiction under 28

U.S.C. § 1291.

**B. Permissive Use**

We review a district court's award of summary judgment de novo. *Koch v.*

*Koch Indus., Inc.*, 203 F.3d 1202, 1212 (10th Cir. 2000). Summary judgment is

proper "if the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show that there is no genuine issue as

to any material fact and that the moving party is entitled to a judgment as a matter

of law." Fed. R. Civ. P. 56(c). When applying this standard, "[w]e view the

record in the light most favorable to the nonmoving party." *Mercer Transp. Co.*

*v. Greentree. Transp. Co.*, 341 F.3d 1192, 1194 (10th Cir. 2003). Because this

case is in federal court under the diversity-jurisdiction statute, 28 U.S.C. § 1332,

Colorado law governs the construction of the insurance policies at issue. *See Rosene & Assocs. v. Kansas Mun. Gas Agency*, 174 F.3d 1115 (10th Cir. 1999).

*Wiglesworth v. Farmers Insurance Exchange*, 917 P.2d 288 (Colo. 1996), is the leading Colorado case on what it means to be a "permissive user" for purposes of automobile-liability-insurance policies. In that case the family with whom Mr. Wiglesworth was living had given him permission to use their truck for the sole purpose of driving to and from work. *Id.* at 289. He left the owners' home "under the auspices of going to work," but instead used the truck to participate in a drag race, causing an accident. *Id* at 290. The Court held that Mr. Wiglesworth was a permissive user.

*Wiglesworth,* 917 P.2d at 291, endorsed the "initial permission rule enunciated in *Bukulmez* [*v. Hertz Corp.*,710 P.2d 1117, 1120-21 (Colo. Ct. App. 1995), rev'd on other grounds *sub nom Blue Cross of W. New York v. Bukulmez*, 736 P.2d 834 (Colo. 1987)]." The *Bukulmez* court held that there was coverage "[o]nce the owner has knowledge that the car will be driven on public highways and gives permission for it to be so driven." *Bukulmez*, 710 P.2d at 1120. *Wiglesworth* further held that "once the owner of the vehicle expressly or impliedly gives the driver permission to operate the vehicle, subsequent changes in the character or scope of the use do not require additional, specific consent." *Wiglesworth*, 917 P.2d at 291. Accordingly, Mr. Wiglesworth was a permissive

user because "the [owners] gave [him] the keys to their truck and informed him that he could drive the truck to work without asking for further permission." *Id.* at 292.

*Wiglesworth* explained that adoption of the *Bukulmez* rule "will further the remedial policy underlying the [Colorado Car Accident Reparations] Act, namely, to avoid inadequate compensation to accident victims." Id. at 291. In addition, the rule provides for ease and clarity of administration. Not to adopt the rule "would require trial courts to make factual determinations on a case-by-case basis regarding the belief of the driver that he had permission to operate the vehicle. Such a subjective inquiry would have the effect of creating a proliferation of litigation with inconsistent results." *Id.*

Applying *Wiglesworth*, we hold that Mr. Nelson was a permissive user of the loaner vehicle at the time of the accident with Mr. Lay. As noted by the district court, it is undisputed that "[Mr.] Nelson had general permission to drive the loaner vehicles during business hours for business-related matters, such as refueling, test drives, and picking up or dropping off vehicles for customers." Aplt. App. at 519. Further, Mr. Murray stated in his deposition that Mr. Nelson, as an employee authorized to test drive loaner vehicles, could test drive them home overnight without violating Murray Motor's policy. The scope of this permission is indistinguishable from the scope of permission granted to

Mr. Wiglesworth. Mr. Wiglesworth was given permission to drive the truck to work every day, and did not need to seek express permission when he did so. Mr. Nelson likewise did not need to seek express permission each time he test drove a loaner vehicle off the lot, even at night.

In determining whether Mr. Nelson was a permissive user, it is unnecessary to inquire whether Mr. Nelson believed that he had permission to use the loaner vehicle to drive to the bar on the night of the accident. Just as Mr. Wiglesworth's subjective intent to drive the car to work or to a drag race was immaterial, here it is immaterial whether Mr. Nelson's intended activity was test driving or carousing.

Appellants claim, however, that the facts here come within an exception to the initial-permission rule. Before endorsing *Bukulmez*, the *Wiglesworth* court summarized the rule as described in a Louisiana case, *Norton v. Lewis*, 623 So.2d 874 (La. 1993). The summary noted the following exception to the general rule: "Coverage is precluded only where the deviation from the permitted use rises to the level of theft or conversion." *Wiglesworth*, 917 P.2d at 291 (citing *Norton*, 623 So.2d at 875).

Appellants urge that Nelson's use of the loaner vehicle rose to the level of conversion and therefore fell outside the bounds of permissive use described in *Wiglesworth*. Under Colorado law, "[c]onversion is any distinct, unauthorized act

of dominion or ownership exercised by one person over personal property belonging to another." *Byron v. York Investment Co.*, 296 P.2d 742, 745 (Colo. 1956). Appellants contend that Mr. Nelson converted the car because he "exercised distinct unauthorized dominion over [it,] depriving Murray Motor's [*sic*] of its use." Aplt. Br. at 20.

Appellants' contention has considerable force. But we cannot read *Wiglesworth* to support their view. If, as Appellants urge, Mr. Nelson's use of the loaner vehicle to drive to the bar on the night of the accident was an "unauthorized act of dominion," then Mr. Wiglesworth's use of the truck to participate in a drag race was also. All that was necessary for coverage was that Mr. Wiglesworth had been given permission to use the vehicle for transportation to and from work. The *Wiglesworth* Court was not concerned with whether Mr. Wiglesworth took the vehicle with the initial intent to drag race or whether his initial intent to go to work was later converted into an intent to drag race. Adoption of Appellants' version of a "conversion" exception to the initial-permission rule would require courts to engage in just the sort of "subjective inquiry" that *Wiglesworth* sought to avoid. 917 P.2d at 292.

Perhaps *Wiglesworth* was adopting the Louisiana rule that "coverage will be precluded only where the deviation from the use consented to amounts to theft or other conduct displaying utter disregard for the return or safekeeping of the

vehicle." *Norton*, 623 So.2d at 875. We need not decide, however, the precise scope of any "conversion" exception in *Wiglesworth*. Unable to see a principled way to distinguish *Wiglesworth*, we hold that there was coverage in this case.

**C. Attorney Fees**

Appellants additionally challenge the amount of the district court's award to Allstate. They do not dispute that if American Hardware were adjudged the primary insurance carrier, it would be required to pay Allstate for its own attorney fees and the attorney fees for which it reimbursed Mr. Nelson. Rather, Appellants assert that much, if not all, of the attorney fees were unreasonable.

Appellants challenge two components of the award of attorney fees: (1) attorney fees incurred in the declaratory judgment action while Allstate was denying coverage, and (2) Allstate's attorney fees in its litigation to establish coverage by American Hardware. Appellants base their first challenge on the observation that neither Mr. Nelson nor Allstate would have had to incur legal expenses had Allstate "proper[l]y evaluated the coverage issue" at the outset and accepted Mr. Nelson's argument that he was a permissive user. Aplt. Br. at 24. What chutzpah! Appellants can hardly claim that it was unreasonable of Allstate to deny coverage on the basis that Mr. Nelson was not a permissive user while they continue to deny coverage on the same basis. In any event, they have shown nothing unreasonable in Allstate's decisions regarding its coverage.

-11-

As for the second component of fees under challenge, Appellants argue that attorneys would not have been necessary to resolve whether American Hardware's policy provided coverage if Allstate had agreed to arbitration with American Hardware. But they do not contest Allstate's assertion that it attempted arbitration with American Hardware through Arbitration Forums and that Arbitration Forums rejected the request. Appellants do not indicate what more Allstate could have done in this regard.

Appellants also devote a few sentences to claiming that the attorney fees for Allstate's and Mr. Nelson's attorneys were excessive because Mr. Nelson unnecessarily employed too many attorneys, the rates charged by attorneys for both Allstate and Mr. Nelson were too high, etc. The argument is devoid of particulars and cannot be evaluated. *See Am. Airlines v. Christensen*, 967 F.2d 410 n.8 (10th Cir. 1992) (it is insufficient to assert on appeal that the trial court erred "without advancing reasoned arguments as to the grounds for the appeal"). We therefore AFFIRM the award of attorney fees.

## III. CONCLUSION

We AFFIRM the judgment below.