FILED
United States Court of Appeals
Tenth Circuit

November 27, 2007

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WARD WILSON,

     Plaintiff-Appellant,

v.

TITAN INDEMNITY COMPANY, a
Texas corporation,

     Defendant-Appellee.

No. 06-1431

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 05-cv-02026-RPM)**

---

Frances R. Johnson (Robert B. Carey with her on the briefs), The Carey Law
Firm, Colorado Springs, Colorado, for Plaintiff-Appellant.

Michael D. Alper (John M. Vaught with him on the briefs), Wheeler Trigg
Kennedy LLP, Denver, Colorado, for Defendant-Appellee.

---

Before **HARTZ**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

     Plaintiff appeals the district court's order denying Plaintiff's motion for

partial summary judgment and granting Defendant's motion for summary

judgment on Plaintiff's claims for reformation of his automobile insurance policy,

breach of contract, and common law and statutory bad faith. The district court had diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. Our jurisdiction is based on 28 U.S.C. § 1291.

Plaintiff purchased an automobile insurance policy from Defendant in February 1999. Under Colorado's now-repealed Auto Accident Reparations Act, Colo. Rev. Stat. §§ 10-4-701 to -726 (repealed 2003), Defendant was required to offer Plaintiff the option of purchasing enhanced personal injury protection ("PIP") coverage extending to four classes of persons: "1) the named insured, 2) resident relatives of the named insured, 3) passengers occupying the insured's vehicle with the consent of the insured, and 4) pedestrians who are injured by the covered vehicle." *Brennan v. Farmers Alliance Mut. Ins. Co.*, 961 P.2d 550, 553 (Colo. Ct. App. 1998). Plaintiff concedes that Defendant offered him the option of purchasing enhanced PIP coverage; however, Plaintiff contends that this offer did not comply with the statute because it did not cover passengers or pedestrians. Plaintiff elected to purchase limited basic PIP coverage for a reduced premium.

Plaintiff was injured in an automobile accident in October 1999 while driving his insured vehicle, and Defendant paid him the limited PIP benefits provided under his policy. Plaintiff subsequently filed the instant lawsuit seeking reformation of his insurance policy as well as damages for breach of contract and bad faith based on Defendant's alleged failure to extend to Plaintiff a statutorily compliant offer of enhanced PIP coverage and subsequent failure to provide

Plaintiff with enhanced PIP coverage for his accident-related injuries and other losses.

The district court granted Defendant's motion for summary judgment on the ground that Plaintiff lacked standing. The court concluded that Plaintiff would not be personally affected by reformation of his policy because reformation would only extend enhanced PIP coverage to passengers and pedestrians, not to Plaintiff as the named insured.[1] The court then held that because all of Plaintiff's claims for relief depended upon his reformation claim, the action should be dismissed in its entirety.

We review the district court's grant of summary judgment de novo, applying the same standard as the district court. *Allstate Ins. Co. v. Murray Motor Imports Co.*, 357 F.3d 1135, 1138 (10th Cir. 2004). "Summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(c)). Colorado law governs our analysis of Plaintiff's underlying claims. *Hill v. Allstate Ins. Co.*, 479 F.3d 735, 739 (10th Cir. 2007).

In *Brennan*, 961 P.2d at 554, the Colorado Court of Appeals held that

---

[1] Plaintiff is no longer insured by Defendant.

"when . . . an insurer fails to offer the insured optional coverage that satisfies the [statute], additional coverage in conformity with the offer mandated by statute will be incorporated into the policy." According to Plaintiff's interpretation of this holding, reformation requires incorporation of the complete coverage option that the insurer should have offered to the insured, covering all four categories of persons listed in *Brennan*. Plaintiff therefore argues that he has standing because reformation under *Brennan* would provide Plaintiff as the named insured with enhanced PIP coverage, redressing the injury allegedly caused by Defendant's violation of Plaintiff's right to receive a compliant offer of coverage.[2]

We hold that Plaintiff had standing to bring this action. At the time Plaintiff filed suit, his argument was not foreclosed by precedent and was based on at least a colorable reading of Colorado law. *See Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005) ("Standing is determined as of the time the action is brought."). By holding that Plaintiff had no standing because reformation would not entitle Plaintiff to enhanced PIP benefits for his own

---

[2] Although Defendant argues that Plaintiff would not have accepted compliant PIP coverage in any event, Plaintiff points out that the Colorado Court of Appeals has held that reformation cannot be avoided by evidence suggesting that the insured would not have purchased compliant coverage had it been offered. *Thompson v. Budget Rent-A-Car Sys., Inc.*, 940 P.2d 987, 990 (Colo. Ct. App. 1996); *see also Fincher v. Prudential Prop. & Cas. Ins. Co.*, 76 F. App'x 917, 921-22 (10th Cir. 2003) (refusing to consider the defendant's argument that the insured drivers would have rejected compliant enhanced PIP coverage because they were on a fixed income and declined other offers of extended coverage in order to avoid paying a higher premium).

injuries, the district court "put the merits cart before the standing horse." *Initiative and Referendum Inst. v. Walker*, 450 F.3d 1082, 1093 (10th Cir. 2006) (en banc). The court erred in concluding that Plaintiff lacked standing because Colorado law, properly interpreted, did not entitle Plaintiff to the damages he claimed. *See id.* Rather, the court should have "taken as correct for purposes of standing" Plaintiff's "non-frivolous contention" regarding the interpretation of *Brennan. Info. Handling Servs., Inc. v. Defense Automated Printing Servs.*, 338 F.3d 1024, 1030 (D.C. Cir. 2003). Taking his contention as correct for purposes of standing, we conclude that Plaintiff "alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 498 (1975) (internal quotation marks omitted).

Although we hold that Plaintiff had standing, we conclude that his claim fails on the merits.[3] This court recently held in *Stickley v. State Farm Mutual Automobile Insurance Co.*, — F.3d —, 2007 WL 2938380, at *7 (10th Cir. Oct. 10, 2007), that *Brennan* does not entitle the insured to "reformation of the entire policy to provide enhanced PIP benefits for all categories of people." Rather, "when an insurance policy is found to violate [the Colorado Auto Accident

---

[3] We may affirm the district court's ruling for any reason that finds support in the record, even if it is different from the stated basis for the ruling below. *Mallinson-Montague v. Pocrnick*, 224 F.3d 1224, 1233 (10th Cir. 2000).

Reparations Act], only the defective portion of the policy is reformed to comply with [the statute]. It does not wipe the slate clean and give the insured the fullest amount of benefits available for every category possible." *Id.* at *8. Based on *Stickley*, we conclude that reformation of Plaintiff's policy would not entitle him to enhanced PIP benefits for his own injuries as the named insured because the alleged defect in Defendant's offer of coverage concerned only passengers and pedestrians. *See Wankier v. Crown Equip. Corp.*, 353 F.3d 862, 866 (10th Cir. 2003) ("[W]hen a panel of this Court has rendered a decision interpreting state law, that interpretation is binding on . . . subsequent panels of this Court, unless an intervening decision of the state's highest court has resolved the issue."); *see also Campbell v. Allstate Ins. Co.*, 2007 WL 3046304, at *6-7 (10th Cir. Oct. 18, 2007) (stating in dicta that the named insured could not obtain PIP coverage for injuries she sustained in an automobile accident because she only alleged that the policy excluded enhanced PIP coverage for pedestrians and passengers). We therefore hold that Plaintiff is not entitled to any relief on his claim for reformation.

Plaintiff does not challenge the district court's conclusion that his other claims all depend upon his claim for reformation. Because we conclude that Plaintiff is not entitled to any relief on that claim, we **AFFIRM** the district court's grant of summary judgment in favor of Defendant.