**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ELIAS QUINTANA,

     Plaintiff - Appellant,

v.

JUDGE KEN ADAIR, individually and in
his official capacity as District Judge;
JUDGE ROBIN ADAIR, individually and
in his official capacity as a Judge; ORVIL
LOGE, individually and in his official
capacity as District Attorney; TIMOTHY
KING, individually and in his official
capacity as Assistant District Attorney;
RYAN FERGUSON, individually and in
his official capacity as Assistant District
Attorney; LEIF WRIGHT, individually,
d/b/a Muskogee Mugshots; CITY OF
MUSKOGEE; HAROLD PEDIGO,
individually; JUDGE MIKE NORMAN,
individually and in his official capacity as
District Judge; RYAN ROBERTS,
individually and in his official capacity as
Assistant District Attorney; MUSKOGEE
COUNTY COMMISSIONERS;
MUSKOGEE MUG SHOTS; MIKE
NORMAN, individually and in his official
capacity as District Judge; MUSKOGEE
COUNTY SHERIFF,

     Defendants - Appellees.
_____

No. 16-7029
(D.C. No. 6:15-CV-00063-FHS)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of

(continued)

_____

Before **LUCERO**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

Elias Quintana, pro se, appeals the district court's judgment in favor of defendants on his claims for the alleged violation of his constitutional rights under 42 U.S.C. § 1983, and the dismissal of his state law claims without prejudice. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

The parties are familiar with the facts and there is no need to recite them other than to note that Mr. Quintana sued various defendants including the state judges, prosecutors, and police officers who were involved in his arrest and prosecution for assault and attempting to intimidate a witness. On appeal, Mr. Quintana claims error as to numerous orders entered by the district court. We have carefully examined the parties' briefs and affirm the orders for substantially the same reasons given by the district court.

**Order Denying Motion to Set Aside Previous Orders Denying Default Judgment Against the City of Muskogee**

---

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Defendants filed motions to dismiss in which they argued that Mr. Quintana's notice of appeal was untimely. We have reviewed the motions, Mr. Quintana's response, and defendants' reply, and conclude that the appeal was timely filed. We therefore deny the motions to dismiss. We also deny Mr. Quintana's request for sanctions against defendants for filing the motions.

Mr. Quintana filed motions with the district court and the Clerk for default judgment against the City of Muskogee (City) for its alleged failure to timely respond to his complaint. The City was served with the complaint on February 17, 2015, with its response due no later than March 10. But on March 5, Mr. Quintana filed an amended complaint.

Fed. R. Civ. P. 15(a)(3) provides that a "response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Both the district court and the Clerk denied the motions on the grounds that the City had not been served with the amended complaint. The district court also denied Mr. Quintana's later-filed motions to set aside the orders. "We review for an abuse of discretion the district court's denial of a motion for default judgment." *Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010).

Mr. Quintana argues that under Fed. R. Civ. P. 15(c), whatever date he eventually served the City with the amended complaint relates back to the original date of service—February 17, 2015—for purposes of determining when a response was due. We agree with the district court that Rule 15(c) "has nothing to do with the service of a complaint or amended complaint[.]" R., Vol. I at 683. Instead, "[r]elation back is intimately connected with the policy of the statute of limitations." Fed. R. Civ. P. 15 advisory committee's note (1966).

**Orders to Dismiss Judges Ken Adair, Mike Norton and Robin Adair**

3

Oklahoma state court judges Ken Adair, Mike Norton and Robin Adair were involved at various times in Mr. Quintana's criminal case. For his § 1983 claims against these defendants, he alleged that they caused him to be unlawfully confined, defamed him, and engaged in abuse of process. He also alleged that they caused false bench warrants to be issued against him. In turn, these defendants argued, among other things, that they were entitled to absolute judicial immunity. The district court agreed and granted their motions to dismiss. "We review de novo a district court's conclusion that a defendant is entitled to absolute immunity." *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1195 (10th Cir. 2010).

Judges generally enjoy absolute immunity. *Stein v. Disciplinary Bd. of Supreme Ct. of N.M.*, 520 F.3d 1183, 1191 (10th Cir. 2008). "There are only two exceptions to this rule: (1) when the act is not taken in the judge's judicial capacity, and (2) when the act, though judicial in nature, is taken in the complete absence of all jurisdiction." *Id*. at 1195 (brackets and internal quotation marks omitted).

Although Mr. Quintana asserts that the judges acted outside their judicial capacities and in the complete absence of jurisdiction, his allegations did not demonstrate that their actions fell within either exception. We therefore agree with the district court that the judges were entitled to absolute immunity.

**Orders to Dismiss District Attorney Orvil Loge and Assistant District Attorneys Timothy King, Ryan Ferguson and Ryan Roberts**

According to Mr. Quintana, prosecutors Orvil Loge, Timothy King, Ryan Ferguson and Ryan Roberts caused him to be unlawfully confined, invaded his

4

privacy and defamed him, maliciously prosecuted him, and secured false bench warrants for his arrest. The district court found that stripped of Mr. Quintana's invective and ad hominin attacks, the alleged conduct concerns the initiation and prosecution of the charges against him. We review this decision de novo, *Jensen*, 603 F.3d at 1195.

"State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions." *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994) (internal quotation marks and ellipsis omitted). Such activities include "their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." *Nielander v. Bd. of Cty. Comm'rs*, 582 F.3d 1155, 1164 (10th Cir. 2009). We agree with the district court that these defendants were absolutely immune from suit for the actions complained of by Mr. Quintana.

### Order to Dismiss Leif Wright, d/b/a Muskogee Mugshots

The theory of recovery alleged by Mr. Quintana was that Leif Wright violated his right of privacy and placed him in false light by disclosing his mugshot. The district court held that Mr. Quintana could not state a cause of action under § 1983 against a private individual, and it declined to exercise supplemental jurisdiction over the state law claims.

5

Mr. Quintana argues that when all of the district court's orders are reversed on appeal, "then Leif Wright becomes an indispensable party to the economy and efficiency of the subject lawsuit." Aplt. Opening Br. at 16. This is a moot point because we are not reversing the district court's orders.

**Orders to Dismiss the County of Muskogee and the Muskogee County Sheriff**

In his amended complaint, Mr. Quintana named the County of Muskogee Detention Center and the County of Muskogee as defendants who allegedly participated in his unlawful arrest and confinement. In a June 19, 2015 order, the district court granted the County's motion to dismiss because it could not be sued under Oklahoma law—the proper entity being the Board of County Commissioners of Muskogee County—and the Detention Center was nothing more than a building and not a legal entity that could be sued. It also expressly denied Mr. Quintana's request "to amend his pleading to name the proper Defendant." R., Vol. 1 at 953. Mr. Quintana nonetheless attempted an end run on the order when he filed a second amended complaint that named the Muskogee County Commissioners (Commissioners) and the Muskogee County Sheriff (Sheriff) as defendants, and asserted the same claims against them that he had previously pled against the County.

Mr. Quintana admits that the June 2015 "order is essentially 'moot' to the case at bar and no action is required." Aplt. Opening Br. at 19. He does, however, argue error as to the district court's November 13, 2015 order, which granted the Commissioner's motion to strike the second amended complaint, and also granted the Sheriff's motion to dismiss for failure to state a claim.

6

We review the district court's grant of a motion to strike for an abuse of discretion. *Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994). There was no abuse here. Setting aside whether Mr. Quintana was trying to circumvent an earlier order, there was no error because the second amended complaint was a nullity, having been filed without leave of the district court or the consent of the County as required by Fed. R. Civ. P. 15(a)(2).

We also affirm the district court's order to dismiss the Sheriff. We reach this conclusion because Mr. Quintana's arguments are waived as conclusory, unsupported, and undeveloped. *See Garrett v. Selby Connor Maddux & Janner*, 425 F.3d 836, 841 (10th Cir. 2005) (holding that a pro se litigant's argument consisting entirely of conclusory statements and unhelpful citations was deemed waived for failure to adequately brief).

**Order to Dismiss the City of Muskogee**

Mr. Quintana alleged that the City failed to properly train and instruct its police officers on the proper manner to conduct a criminal investigation, did nothing to stem their misuse of power, and failed to implement disciplinary tactics to prevent the misconduct. In other words, his § 1983 claim was related to the City's alleged failure to act to properly train its police officers to avoid harming the public.

The district court found that Mr. Quintana's "First Amended Complaint is void of any degree of culpability. Simply stating the [City's] actions are deliberately indifferent is not enough." R. Vol. 1 at 1064. It dismissed the claim for failure to

7

state a claim under Fed. R. Civ. P. 12(b)(6). We review the decision de novo. *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010).

"[T]here are limited circumstances in which an allegation of a 'failure to train' can be the basis for municipal liability under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 387 (1989). However, "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id*. at 388. Liability arises where "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id*. at 390.

We agree with the district court that Mr. Quintana failed to plead facts that the need for more or different training was so obvious that a violation of his constitutional rights was likely to result from not providing it. Instead, he alleged conclusory allegations of deliberate indifference, which are insufficient to state a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

### Order Denying Motion for Change of Venue

As the orders granting defendants' various motions to dismiss piled up, Mr. Quintana filed a motion for change of venue. As grounds, he argued that his case

8

should be sent to a different venue because the district court was unfair, citing unfavorable rulings. The district court denied the motion. "We review the district court's decision not to transfer this action . . . for a clear abuse of discretion." *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010).

None of the factors that favor a change of venue is present here, e.g., the convenience of witnesses, a congested docket, or the need for a local court to determine questions of local law. *See id.* More to the point, the relevant factors to be considered do not include a party's disagreement with a judge's decisions. Therefore, the district court did not clearly abuse its discretion in denying the motion for change of venue.

**Order Dismissing Second Amended Complaint as to Certain Defendants**

Following the filing of his second amended complaint, the district court entered an order that applied the doctrine of res judicata to dismiss this complaint as to defendants Judges Ken Adair and Mike Norman, prosecutors Orvil Loge, Timothy King and Ryan Ferguson, the City, and Leif Wright.

Mr. Quintana purports to appeal this order, but we decline to consider it because it is not adequately developed. His argument is: "Order dismissing second amended complaint as to defendant's (sic) Ken Adair, DA, T. King, R. Ferguson, City of Muskogee, Leif Wright, Judge Norman order (See Record pg. 1644). **(see above arguments)[.]"** Aplt. Opening Br. at 20. *See Garrett*, 425 F.3d at 841 (holding that a pro se litigant's argument consisting entirely of conclusory statements and unhelpful citations was deemed waived for failure to adequately brief).

9

**Order Dismissing Harold Pedigo**

All of Mr. Quintana's claims against defendant Harold Pedigo were state law claims. Because the district court had resolved all federal claims, it declined to exercise jurisdiction over the state law claims, and dismissed them without prejudice.

Mr. Quintana argues that when all of the district court's orders are reversed on appeal, "then Harold Pedigo becomes an indispensable party to the economy and efficiency of the subject lawsuit." Aplt. Opening Br. at 23. This is a moot point because we are not reversing the district court's orders.

**Order Denying Motion to Recuse The Honorable Frank H. Seay**

The motion to recuse The Honorable Frank H. Seay was not filed until the end of the case and after Judge Seay had entered judgment in favor of all the defendants, except one. As grounds, Mr. Quintana argued that he disagreed with most of the judge's orders.

"The decision to recuse is committed to the sound discretion of the district judge. We review the denial of a motion to recuse only for abuse of that discretion." *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987) (per curiam). There was no abuse of discretion here, because as this court has explained, adverse rulings are not in themselves grounds for recusal. *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976).

10

The judgment of the district court is affirmed.[2]

Entered for the Court

Jerome A. Holmes
Circuit Judge

---

[2] On October 13, 2016, Mr. Quintana filed a "Motion to Set Aside Void Order." Appellees filed their response on October 24. In his reply, filed November 8, Mr. Quintana expressly withdraws the motion. Because it has been withdrawn, we do not address it.