**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 1, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

ELIAS QUINTANA,

     Plaintiff - Appellant,

v.

JUDGE KYLE WATERS, and Muskogee
District Attorney ORVIL LOGE,

     Defendants - Appellees.

No. 18-7029
(D.C. No. 6:17-CV-00367-RAW)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **O'BRIEN**, Circuit Judges.[**]
_____

Dr. Elias Quintana appeals the district court's order dismissing his suit against

Judge Kyle Waters and Muskogee District Attorney Orvil Loge and denying his

motion to amend his complaint.[1]  We review de novo an order granting a motion to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

[1] Although Dr. Quintana's opening brief mentions that the district court also denied his motion for reconsideration, he presents no argument on this issue.  Similarly, Dr. Quintana's opening brief requests that we allow amendment of his complaint, but he does not elaborate on this request, and his only argument on the district court's denial of his motion to amend comes at the end of his reply brief.  Failure to make an argument in the opening brief waives the issue on appeal, and

dismiss, accepting all well-pled factual allegations as true and viewing them in the light most favorable to the non-moving party. *Acosta v. Jani-King of Okla., Inc.*, 905 F.3d 1156, 1158 (10th Cir. 2018).

Dr. Quintana was convicted on one count of misdemeanor assault and battery in Oklahoma state court in 2015. His complaint in this case alleged that the prosecutor and judge in the underlying Oklahoma case colluded to deprive him of his constitutional rights by means of improper jury instructions. In its order granting the defendants' motion to dismiss, the district court noted that Dr. Quintana had already filed and lost another civil lawsuit alleging unconstitutional and tortious behavior by a number of people involved in the underlying Oklahoma case. *See Quintana v. Adair*, 673 F. App'x 815 (10th Cir. 2016). The district court then concluded that Dr. Quintana's current case was barred by "res judicata, precedent, or both," (R. at 276 (quoting *Fogle v. Gonzales*, 597 F. App'x 485, 488 (10th Cir. 2015))), as well as the immunity that exists for judges and prosecutors.

"We may affirm the district court's ruling for any reason that finds support in the record, even if it is different from the stated basis for the ruling below." *Wilson v. Titan Indem. Co.*, 508 F.3d 971, 974 n.3 (10th Cir. 2007). "Typically, judges, prosecutors, and witnesses enjoy absolute immunity" from civil liability for actions taken in those roles. *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d

---

making the argument in the reply brief is insufficient to save the issue from waiver. *See Zia Shadows, L.L.C. v. City of Las Cruces*, 829 F.3d 1232, 1239 n.3 (10th Cir. 2016). Therefore, we do not address the district court's denial of the motions for reconsideration and to amend the complaint.

1183, 1190 (10th Cir. 2008). "Prosecutors are absolutely immune from civil liability for damages for 'acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State.'" *Id.* at 1193 (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).

Absolute judicial immunity has "only two exceptions": "(1) when the act is 'not taken in [the judge's] judicial capacity,' and (2) when the act, 'though judicial in nature, [is] taken in the complete absence of all jurisdiction.'" *Id.* at 1195 (quoting *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (modifications in original)). "[A]n act taken in excess of a court's jurisdiction is not to be confused with an act taken in the 'complete absence of all jurisdiction.'" *Id.* The Supreme Court has even observed that "if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 357 n.7 (1978)).

Dr. Quintana acknowledges that "the action[] of providing jury instructions is judicial in nature." (Appellant's Opening Br. at 15.) Nevertheless, he contends that "[t]he purposeful/intentional (Extrinsic Fraud) omission of an essential element to support any crime (Mens Rea) cannot be considered harmless error when it results in a VOID verdict." (*Id.* at 12 (emphasis omitted).) Therefore, according to Dr. Quintana, "[w]hile a judge performing judicial functions may enjoy immunity, denial of Constitutional and Civil rights [is] absolutely not a judicial function and conflicts with any definition of a judicial function." (*Id.* (emphasis omitted).)

3

Dr. Quintana's argument is precluded by both Tenth Circuit and Supreme Court precedent.  A prosecutor's arguments regarding the jury instructions that should be given in a case, and the judge's ultimate ruling on those jury instructions, are quintessential prosecutorial and judicial functions, respectively.  Contrary to Dr. Quintana's contention, a judge may be acting within his judicial capacity when he violates a defendant's constitutional and civil rights.  *See Stein*, 520 F.3d at 1195 ("There can be no question that the state supreme court's allegedly unconstitutional acts—the issuance of the show-cause order and the remand to the Disciplinary Board—were taken in a judicial capacity.").  Additionally, even if Judge Waters could be said to have created "new law" by allowing Dr. Quintana to be convicted without proof of mens rea, (Appellant's Opening Br. at 25), such action would merely be in excess of his jurisdiction, not in the complete absence of all jurisdiction.  *See Stump*, 435 U.S. at 357 n.7.  Thus, both District Attorney Loge and Judge Waters are entitled to absolute immunity from Dr. Quintana's claims.

Accordingly, the district court's order dismissing Dr. Quintana's complaint is **AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge

4